Case 2:14-bk-12274-NB    Doc 16    Filed 03/14/14    Entered 03/14/14 12:38:38    Desc
Main Document    Page 1 of 14

LAW OFFICE OF ERIC ALAN MITNICK
ERIC ALAN MITNICK SBN 116042
21515 Hawthorne Boulevard, Suite 1080
Torrance, California 90503
Telephone:    (310) 792-5864
Facsimile:    (310) 792-5866
E-mail:       mitnicklaw@aol.com

Attorney for MICHAEL LEIGH

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| In re | ) | Case No. 2:14-bk-12274 NB |
|---|---|---|
| YUICHI YONEYAMA, | ) | Chapter 13 |
| | ) | PRELIMINARY OBJECTIONS OF MICHAEL LEIGH TO CONFIRMATION OF CHAPTER 13 PLAN; DECLARATION OF ERIC ALAN MITNICK |
| | ) | 341a: 3/21/14 @ 8:00 a.m. |
| | ) | Confirmation hearing: Date: 4/17/14 Time: 9:00 a.m. Place: Courtroom 1545 |
| Debtor. | ) | |

MICHAEL LEIGH ("LEIGH"), by and through his undersigned counsel, hereby responds, preliminarily[1], to confirmation of the Chapter 13 plan (the "Plan") filed by Debtor YUICHI YONEYAMA ("YONEYAMA" or "Debtor") in the above-referenced Chapter 13 proceeding (the "Case").

---

[1] The objections to confirmation contained herein are based upon LEIGH's preliminary investigation of this matter. LEIGH reserves the right to amend and/or supplement his objections at the 341a hearing and in further pleadings filed with the Court.

1

## I. BACKGROUND

### A. The Sale and Purchase of the Hermosa Beach Property by LEIGH to Elix Corporation, a Japan Corporation

LEIGH is the beneficiary under a deed of trust (the "Deed of Trust"), recorded on June 30, 2011 (see Exhibit 1), which encumbers the residential real property commonly known as 619 10th Street, in Hermosa Beach, CA (the "Real Property"). The Trustor under the Deed of Trust is Elix Corporation, a Japan corporation ("Elix Japan"), not the Debtor. The note is made by Elix Japan, not Debtor (See Exhibit 2). Elix Japan, not Debtor, is the grantee in the Grant Deed also recorded on June 30, 2011 (See Exhibit 3).

The Real Property is also encumbered by a note and deed of trust securing payment of a $987,000 loan being serviced by U.S. Bank (the "U.S. Bank Loan"). Due to non-payment, LEIGH has been required to advance over $50,000 in payments on the U.S. Bank Loan. (See Leigh Decl. in support of Motion for Relief from the Automatic Stay filed March 4, 2014, Docket No. 10 (the "Relief from Stay Motion")).

### B. Purported Transfer on the Eve of Foreclosure and Bankruptcy by "Gift" Deed of a Partial Interest in the Real Property to Debtor

Pursuant to the Notice of Trustee's Sale recorded on January 8, 2014, the Real Property was scheduled for foreclosure sale on February 7, 2014. (See Exhibit 4.)

On February 3, 2014, Elix Japan apparently executed a "gift" deed which purports to convey a 50% interest in the Real Property to Debtor. This Deed was recorded on February 4, 2014. (See

2

Exhibit 5.)  At the time of the signing and recording of this Deed, Elix Japan was not qualified to do business in the State of California, and might not be today.[2]

Debtor commenced this chapter 7 proceeding (the "Case") two days later on February 6, 2014.

C.  <u>Debtor's Schedules, Statements and Plan</u>

In his Schedule A, Debtor lists the Real Property as being owned "fee simple" with no other owners listed. Debtor lists the value of the Real Property as $1,224,822, with total secured debt of $1,092,000.

In his Schedule B, Debtor lists $50,000 on deposit with Mizuho Bank, and "various stocks" with a value of $225,000.  No exemptions are claimed for these assets.  His Schedule B also lists ownership of "Elix, Inc.," which is a name that is different from Elix Japan or Elix Corporation Japan KK, which apparently registered to do business in California last month.[3]  To confuse matters further, Debtor's Petition indicates Debtor is "aw Elix, Corporation" yet a different name.  "Elix, Inc." is listed in Debtor's response to Question 18 of his Statement of Financial Affairs.  However, its taxpayer ID number is not included.  Instead, the only information

---

[2] It is unclear whether Elix Japan is the same entity as "Elix Corporation Japan KK," which apparently qualified to do business in California on February 13, 2014. (See Exhibit 6.) The name of the Trustor, Grantee and Grantor is Elix Corporation, a Japan corporation, is different from the name of the entity that qualified with the California Secretary of State.

[3] Schedule B also lists a purported claim against LEIGH. However, even if there were somehow a valid claim, which is disputed, it would belong to Elix Japan, not Debtor.

3

provided is "available upon request." This is erroneous. Counsel for LEIGH requested, but counsel for Debtor has failed and refused to provide the taxpayer identification number. (Mitnick Decl. ¶6.)

In his Schedule I, Debtor Claims to receive a draw of $11,000 each month from "Elix, Inc." Yet, his Statement of Financial Affairs (Question 2) indicates Debtor has only received $11,000 of income this year, and that he had only $60,000 of income in 2013 with no other sources of income.

Debtor's schedule F lists less than $7,600 in total unsecured debt.

Debtor's 60-month Chapter 13 plan proposes to "cure" the amounts advanced by LEIGH on the U.S. Bank Loan and the foreclosure costs incurred over 54 months, without interest. While LEIGH is included to receive post-confirmation mortgage payments directly from Debtor (in an unspecified amount), it is unclear whether this payment includes the U.S. Bank Loan.

D. <u>No Proof of Postpetition Payments or Insurance for the Real Property</u>

Because it was unpaid, LEIGH advanced the payment due on the U.S. Bank Loan in February. (See Motion for Relief.)

No confirmation has been provided by Debtor that the March payment has been made on the U.S. Bank Loan and no proof has been provided that insurance coverage is in effect for the Real Property. (Mitnick Decl. ¶6.)

II. **<u>CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN SHOULD BE DENIED AND THE CASE SHOULD BE DISMISSED</u>**

Debtor commenced this Case only two days after a "gift" deed

4

1  was recorded purporting to transfer a 50% interest in the Real
2  Property to Debtor, and three days before the scheduled foreclosure
3  sale.  Debtor is not a maker or trustor on the note and deed of
4  trust in favor LEIGH secured by the Real Property nor is he a
5  borrower on the U.S. Bank Loan secured by the Real Property.
6  Debtor has less than $7,600 in total unsecured debt.  At most, this
7  Case has been filed due to a (purported) two-party dispute between
8  Elix Japan (not Debtor) and LEIGH.  Debtor's alleged income is at
9  best suspect.  Debtor has exempt assets more than sufficient to
10 immediately pay off his unsecured debt and to cure the obligations
11 currently owed to LEIGH.  Debtor's Schedules, Statements and
12 Petition are sloppy, incomplete and elusive as to Elix Japan and,
13 perhaps, the other similarly named entities.  Proof of insurance or
14 payment of postpetition obligations secured by the Real Property
15 have not been provided.  Because the action of the debtor in filing
16 the Case was not in good faith, his plan is not proposed in good
17 faith, his plan does not comply with the provisions of Chapter 13
18 or the applicable provisions of title 11, confirmation should be
19 denied.  11 U.S.C. §§ 1325(a)(1),(3),(7).[4]

20    Debtor's purported $11,000 draw each month from "Elix, Inc."
21 is not supported by either his income history indicated in the
22 Statement of Financial Affairs or his failure to make the payments
23 on the underlying debt owed to U.S. Bank.  Because the Plan is not

---

[4] If the obligations secured by the Real Property were somehow debts of this Debtor, which they are not, because each is secured only by Debtor's primary residence, modification is forbidden.  11 U.S.C. § 1322(b)(2).

5

...

1  feasible, confirmation should be denied. 11 U.S.C. §§ 1325(a)(6).

2  Debtor's Plan is not in the best interests of unsecured creditors, who would receive payment in full from non-exempt assets in chapter 7. 11 U.S.C. §§ 1325(a)(4). As a result, confirmation should be denied.

6  Debtor has the burden of proof to establish that all aspects of section 1325(a) have been fulfilled. E.g. In re Barnes, 32 F.3d 405 (9th Cir. 1994).

## III. CONCLUSION

For all of the foregoing reasons, LEIGH respectfully requests that confirmation Debtor's Chapter 13 Plan be denied, and that Debtor's Case be dismissed.

Dated: March 14, 2014        LAW OFFICE OF ERIC ALAN MITNICK

/s/ Eric Alan Mitnick
By: _____
    Eric Alan Mitnick

Attorney for MICHAEL LEIGH

## DECLARATION OF ERIC ALAN MITNICK

I, Eric Alan Mitnick, declare:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice in the United States District Court for the Central District of California. I am the attorney for MICHAEL LEIGH ("LEIGH") with regard to this Chapter 13 proceeding (the "Case"). Except as otherwise indicated below, I have first-hand and personal knowledge of the matters stated in this Declaration, and if called as a witness, I could and would testify thereto competently under oath.

2. I am informed and believe that a true and correct copy of the grant deed the real property commonly known as 619 10th Street, in Hermosa Beach, CA (the "Real Property") from LEIGH to Elix Corporation, a Japan corporation, is attached hereto as Exhibit 1

3. I am informed and believe that true and correct copies of the promissory note (the "Note") made by Elix Corporation and deed of trust ("Deed of Trust") made by Elix Corporation, a Japan Corporation in favor of LEIGH that encumbers the Real Property, are attached hereto as Exhibits 2 and 3.

4. I am informed and believe that a true and correct copy of the notice of trustee's sale relating to the Note and Deed of Trust is attached hereto as Exhibit 4.

5. I am informed and believe that a true and correct copy of the grant deed, recorded on February 4, 2014, purporting to convey a 50% interest in the Real Property to Debtor is attached hereto as Exhibit 5.

7

6. Attached hereto as Exhibit 6 is a true and correct copy of the printout I obtained today from the website of the California Secretary of State regarding my search for corporate status information as to Elix corporation.

7. I have had a number of communications with counsel for Debtor in this Case. Counsel has failed and refused, and continues to fail and refuse, to provide the taxpayer identification number for Elix Corporation, a Japan corporation, proof of insurance coverage for the Real Property or confirmation that the March payment on U.S. Bank loan secured by the Real Property has been made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except for those matters stated on information and belief, which I believe to be true.

Executed on this 14th day of March, 2014, at Torrance, California.

_____
ERIC ALAN MITNICK

**EXHIBIT 1**

**This page is part of your document - DO NOT DISCARD**



# 20110887730



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/30/11 AT 08:00AM**

| | |
|---|---:|
| FEES: | 22.00 |
| TAXES: | 35.20 |
| OTHER: | 0.00 |
| PAID: | 57.20 |



**LEADSHEET**



201106300220010

**00004342780**



003375125

SEQ:
19

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**



t96

E521946

9

RECORDING REQUESTED BY:
USA National Title Company

AND WHEN RECORDED MAIL TO:

Mr. Yuchi Yoneyama
619 10th Street
Hermosa Beach, CA 90254



06/30/2011

*20110887730*

THIS SPACE FOR RECORDER'S USE ONLY

Title Order No.: 071131327-30                                Escrow No.: 047960SS

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
    DOCUMENTARY TRANSFER TAX is $: 36.20  (30)
[ ] computed on full value of property conveyed, or
[X] computed on full value less value of liens or encumbrances remaining at time of sale
[ ] Unincorporated area   [X] City of Hermosa Beach AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Michael Leigh, a Married Man, as his sole and separate property**

hereby GRANT(s) to:

Elix Corporation, a Japan Corporation

the real property in the City of Hermosa Beach, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 619 10th Street, Hermosa Beach, CA 90254

AP# 4187-026-050

DATED June 6, 2011
STATE OF CALIFORNIA
COUNTY OF Los Angeles
On 06-20/11
before me, Sandra Shustak
A Notary Public in and for said State personally appeared
Michael Leigh

_____
Michael Leigh

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct
WITNESS my hand and official seal

Signature _____                                    (Seal)

SANDRA SHUSTAK
Comm. No. 1795303
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. April 15, 2012

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW, IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

3

## EXHIBIT "A"

A Condominium composed of

Parcel 1

A) An undivided ½ interest in and to Parcel 1 of Parcel Map No. 60847, in the City of Hermosa Beach, County of Los Angeles, State of California, as per map filed in Book 334, Pages 47 and 48 of Parcel Maps, in the office of the County Recorder of said County.

Except therefrom Units 1 through 2, inclusive, as defined and delineated on a Condominium Plan recorded November 7, 2006 as Instrument No. 06-2468248 of Official Records.

B) Unit 1 as defined and delineated on the above referred to Condominium Plan.

Parcel 2

An exclusive easement, appurtenant to Parcel 1 above, for all uses and purposes of a deck area over and across that portion of Parcel 1 of said Parcel Map No. 60847, defined and delineated as Exclusive Use Common Area, which bears the same number as to the Unit referenced to in Parcel 1 above followed by the Letter "D" on the above referenced Condominium Plan.

APN: 4187-026-050

**EXHIBIT 2**

FROM WESTERN FIDELITY TRUSTEES                (THU) FEB 13 2014 12:01/ST. 11:54/No. 6880330292 P 7

DO NOT DESTROY TI. ) NOTE: When paid, this note with Deed ) Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made

## PERFORMANCE NOTE SECURED BY DEED OF TRUST

Date: June 29, 2011

Hermosa Beach, California.

(1) **EXISTING FIRST TRUST DEED OF RECORD:** The undersigned buyer shall acquire title subject to the existing first trust deed loan in favor of US Bank Home Mortgage with an approximate unpaid balance in the amount of $1,050,592.85 Plus deferred interest of $20,590.36, at an adjustable interest rate of 3.969% per annum, with current principal and interest payable in monthly installment of approximately $4,847.05 per month. Balance of terms as written per lender.

The Property is being conveyed to buyer "SUBJECT TO" the existing first trust deed loan. The parties hereto specifically authorize and instruct you to close this escrow without benefit of a Beneficiary statement from the existing lenders and without the knowledge or consent of the existing lenders. *The parties do, as a portion of the consideration for your acting as escrow holder in this transaction, indemnify and hold you harmless from any and all claims, including by not limited to damages, liabilities cost and attorney's fees, and agree to defend any action or litigation as may arise as a result of acts performed by you on out behalf in connection with this escrow with reference to the existing loans which may include but not limited to the regularity, validity and sufficiency of the within instructions as well as completing this transfer without notifying the existing first trust deed holder and the undersigned save and hold harmless escrow holder for doing so.*

The parties further acknowledge that they have been advised by the escrow holder that there may be a "DUE-ON-SALE" clause in the notes so involved and the lenders may, upon notification of the transfer of title, accelerate the loans, that is, declare the principal balance due and payable under the terms of the note, or may require that the buyer assume the loans.

In connection with such assumption, the buyer may be required to agree to a modification of the terms of the loans, including by not limited to an increase in interest rate, cap rate, interest differential, payment amount or due date, and to pay a loan assumption or transfer fee. In the event of such acceleration of the maturity date and /or assumption of the loan(s), the buyer and seller will take such steps as may be required to comply with the lender's requirements.

The seller will deposit the last available payment statements for the existing loans for use in computing the unpaid principal balances. The seller warrants that the loans are current and that the information contained on the payment statement is true and correct.

*Buyer hereby acknowledges receipt and approval of a copy of loan documents issued by US Bank, including but not limited to a copy of the original note, trust deed, adjustable rate rider and all other riders attached.*

Pursuant to paragraph 1 above, buyer and seller waive receipt of an assignment of interest in the existing fire/hazard insurance policy through this escrow as such assignment may notify the lenders of the transfer in title. It is the buyer's and seller's responsibility to obtain satisfaction insurance outside of this escrow and escrow holder is not to be concerned with nor liable for same. Seller will deposit a copy of the existing policy into escrow with the most recent billing for proration purposes only.

**Buyer agrees to refinance the existing loan and obtain new loan within 5 years after close of escrow. If buyer is unable to obtain such refinance, buyer agrees to pay $35,000.00 per year to seller until said loan is fully paid off.**

Should default be made in payment of interest when due, the whole sum of principal and interest shall become immediately due at the option of the Holder of this Note. Principal and interest payable in lawful money of the United States. If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a Deed of Trust to A.D.G. Investment Company, a California corporation, as TRUSTEE.

Elix Corporation, Japan Corporation

By: _____
Yuichi Yoneyama, President

12